IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brett Michael Tallent, | C/A No. 1:17-2066-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On May 7, 2018, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 23. Plaintiff and the Commissioner both filed Objections, and each party filed a Reply to the other's Objections. ECF Nos. 25–28. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff was approved for SSI as a disabled child with an onset date of October 1, 2002, based on diagnoses of attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning. On February 11, 2013, the Social Security Administration determined that Plaintiff was no longer disabled under the rules for determining disability in adults. This determination was upheld upon reconsideration on

2

July 24, 2014, following a hearing before a state agency disability hearing officer. On March 9, 2016, Plaintiff then had a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued an unfavorable decision on September 28, 2016, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends the Court reverse and remand the Commissioner's decision because the ALJ failed to adequately consider material evidence when determining whether Plaintiff could establish a disability under Listing 12.05C. The Commissioner filed Objections, contending the Magistrate Judge reweighed the evidence rather than viewing the case through the proper substantial evidence standard of review. ECF No. 25. Plaintiff filed Objections, in which he agrees with the Magistrate Judge's Report but seeks clarification that, upon remand, the ALJ should apply the criteria of the Listings that were in effect prior to January 17, 2017.

### I. Commissioner's Objections

To establish disability under Listing 12.05, an individual must show significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested prior to age 22 and meet the severity requirements in either paragraph A, B, C, or D. 20 C.F.R., Pt. 404, Subpt. P, App'x 1 § 12.05 (effective May 24, 2016 to September 28, 2016). Paragraph C requires that a claimant demonstrate a "valid verbal, performance, or full scale IQ of 60 through 70" and "a physical or other mental impairment imposing an additional and significant work-related limitation of function. *Id.* § 12.05C. "Once it is established that the claimant's IQ falls within the range required by § 12.05C,

3

the inquiry is whether the claimant suffers from any additional physical or mental impairment significantly limiting work-related functions." *Id.*.; *Kennedy v. Heckler*, 739 F.2d 168, 172 (4th Cir. 1984). "An impairment which imposes an additional and significant work-related limitation of function is any impairment which is defined as severe." *Odom v. Colvin*, No. 1:14-576-JMC, 2015 WL 3560685, at *4 (D.S.C. June 5, 2015) (citation omitted).

Here, Dr. Joseph Hammond administered the Wechsler Adult Intelligence Scale – Fourth Edition in January 2013. Plaintiff's Full-Scale IQ score was 70. The ALJ, however, noted that Plaintiff's other "IQ scores have consistently been *above* Listing level, albeit modestly so, since childhood, apart from his lone . . . score of 70 in January 2013, which is at the upper boundary of the Listing level."[1] ECF No. 12-2 at 23. Therefore, in order to meet the Listing, there must have been evidence that Plaintiff suffered from "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R., Pt. 404, Subpt. P, App'x 1 § 12.05C. As to this issue, the Report outlines the ALJ's findings but notes that the ALJ neglected to address evidence of Plaintiff's deficits in adaptive functioning as manifested in his academic functioning, such as his placement in special education classes.

The Commissioner's objections outline, in detail, the evidence that supports the ALJ's finding that Plaintiff did not suffer from deficits in adaptive functioning. That, however, misses the point of the Report's recommendation, which focuses on the evidence that the ALJ *did not* address. The ALJ has a duty to analyze all relevant

---

[1] The Court expresses some concern with the ALJ's commentary on Plaintiff's IQ scores. The Listing requires only one score within the range, which Plaintiff clearly has.

4

evidence and to explain the weight given to that evidence. When an ALJ fails to do so, the Court on judicial review cannot meaningfully determine whether substantial evidence supports the ALJ's finding. Accordingly, the Court overrules the Commissioner's Objections and adopts and incorporates the Report's well-reasoned analysis.

II. **Plaintiff's Objections**

Plaintiff filed Objections to the Report "solely to the extent [the Report] does not explicitly state that, upon remand, the ALJ should apply the criteria of the Listings that were in effect prior to January 17, 2017." ECF No. 26 at 1. As Plaintiff notes, Listing 12.05(c) was deleted from the Listings as of January 17, 2017, pursuant to the final rule on Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 (Sept. 26, 2016). The regulation at issue states, in a footnote, "[i]f a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand." 81 Fed. Reg. 66138 n.1. Nonetheless, Plaintiff contends the revisions to Listing 12.05 "alter a claimant's substantive rights, and as such, the Social Security Administration does not have the authority to apply the revised listings retroactively." ECF No. 26 at 3. While the Court understands Plaintiff's concern, it would be premature to decide this issue at this juncture. The application of the relevant Listings is a matter for the Commissioner to determine, and Plaintiff is free to raise any challenges on that issue on remand. *See Davis v. Colvin*, No. 16-112, 2017 WL 1198381, at *3 n.2 (W.D. Pa. March 30, 2017) ("Listing 12.05 was revised significantly effective January 17, 2017. However, this Court will review the ALJ's decision using the rules in effect at the time the decision was issued. On remand, it is presumed the ALJ

will use the revised listing for the entire period at issue but will leave that decision to the Commissioner." (internal citations omitted)). Accordingly, Plaintiff's Objections are overruled without prejudice to his right to raise the issue on remand.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report. Accordingly, the Commissioner's decision is **REVERSED** and the Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

                                                                                s/ Donald C. Coggins, Jr.
                                                                                United States District Judge

March 25, 2019
Spartanburg, South Carolina