IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Brett Michael Tallent, | ) | Case No. 1:17-cv-02066-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's motion for award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 33. Plaintiff seeks an award of $8,124.90 based upon 41.6 hours of attorneys' time at a rate of $195.31 per hour. *Id.* Plaintiff asserts she is entitled to an award under the EAJA because Defendant's position in the Social Security disability appeal was not substantially justified and the amount of attorneys' fees requested are reasonable. *Id.* Defendant opposes an award under the EAJA, arguing that the Government's position was substantially justified. ECF No. 34. Plaintiff filed a Reply. ECF No. 35.

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorneys' fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely reasonable . . . both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565—66 (1988).

In this matter, the Court reversed the denial of disability benefits and remanded because the Administrative Law Judge ("ALJ") failed to adequately consider material evidence when determining whether Plaintiff could establish a disability under Listing 12.05C. *See Solesbee v. Astrue*, C/A No. 2:10-cv-01882-RMG, 2011 WL 5101531, at *2 (D.S.C. Oct. 25, 2011) ("The Commissioner has a duty to set forth and analyze in his decision all relevant evidence and to explain the weight given to all probative evidence."); *Seabolt v. Barnhart*, 481 F. Supp. 2d 538, 548 (D.S.C. 2007) ("The ALJ is not required to discuss every piece of evidence, but if he does not mention material evidence, the court cannot say his determination was supported by substantial evidence."). This error by the ALJ constituted matters of well-settled law in the area of Social Security disability law, and the Court finds that the Government cannot carry its burden of showing that its position was substantially justified. Thus, Plaintiff is entitled to an award of reasonable attorneys' fees under the EAJA.

Defendant has not challenged Plaintiff's asserted hours or rate of compensation. However, out of an abundance of caution, the Court has made an independent review of Plaintiff's motion in support of attorneys' fees and the attached detailed time log and finds the amount requested is reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court **GRANTS** Plaintiff's motion for attorneys' fees under the EAJA [33] in the amount of $8,124.90.

This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010),

EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).  In the event Plaintiff has no present debt subject to offset and Plaintiff has executed a proper assignment to Plaintiff's counsel, Defendant is directed to make the payment due to Plaintiff's counsel.  If Plaintiff has no debt subject to offset and no proper assignment has been made by Plaintiff to counsel, Defendant is directed to make the check due pursuant to this Order payable to Plaintiff and delivered to Plaintiff's counsel.

  IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 18, 2019
Spartanburg, South Carolina